# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7987 | **DATE** | 12/23/10 |
| **CASE TITLE** | Denard Nelson (2009-1016189) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.83 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also: (1) dismiss Defendant the Cicero Police Department, (2) issue summons for the named Defendant the City of Cicero, and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Denard Nelson, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.83. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that on October 15, 2009, an unknown (John Doe) City of Cicero police officer falsely arrested him for theft at a department store. The theft charge was later dismissed for lack of probable cause. Plaintiff brings suit against the unknown police officer, the City of Cicero and the Cicero Police Department for false arrest, malicious prosecution, false imprisonment, and "prosecutorial misconduct."

     Plaintiff does not know the name of the police officer that allegedly falsely arrested him and took part in the resulting prosecution for theft. Plaintiff includes the City of Cicero as a Defendant for purposes of indemnification. The City of Cicero must respond to the complaint. In addition, Plaintiff will be able to learn the identity of the unknown police officer from the City of Cicero. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's supervisor/employer). However, the Cicero Police Department is not a suable entity. *See West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill.

| STATEMENT |
|---|
| 2001). Accordingly, the Cicero Police Department is dismissed as a Defendant. In addition, Plaintiff has not pled a claim for prosecutorial misconduct as Plaintiff has not made any allegations against a prosecutor (and such claim would likely be barred by prosecutorial immunity). Thus, Plaintiff's prosecutorial misconduct claim is dismissed.<br>      The United States Marshals Service is appointed to serve the named Defendant, the City of Cicero (summons shall not issue on the John Doe Defendant). Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |